```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

ANTHONY DEVINE HARRIS,           :

    Petitioner,                 :

V.                               :    Case No. 3:9-CV-941(RNC)

UNITED STATES OF AMERICA,        :

    Respondent.                 :

### RULING AND ORDER

Anthony Devine Harris, a federal inmate, brings this action under 28 U.S.C. § 2255 challenging his sentence of 300 months' imprisonment for possession of narcotics with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and possessing a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal provision of 18 U.S.C. § 924(e)(1).  Harris claims that the sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel because his counsel unreasonably failed to challenge the applicability of certain sentencing enhancements.  For reasons set forth below, the action is dismissed.

I.   Background

Prior to Harris's jury trial on the charges listed above, the government filed a second offender notice under 21 U.S.C. § 851, stating that he had previously been convicted in state court

of a "felony drug offense" within the meaning of 21 U.S.C. § 841(b)(1)(B), specifically, sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a).  As a result of the filing, Harris's maximum exposure on the narcotics charge increased from 40 years' imprisonment to imprisonment for life ("the § 851 enhancement").  See 21 U.S.C. § 841(b)(1)(B).  After the jury convicted Harris on all three charges, the Probation Office prepared a presentence report ("PSR") showing that he was subject to the career offender provision in U.S.S.G. § 4B1.1(a) due to numerous prior felony convictions.  See PSR ¶ 28.  Because the statutory maximum penalty on the narcotics conviction was imprisonment for life, the career offender provision called for an offense level of 37.  See U.S.S.G. § 4B1.4(b)(2).  And because Harris was a career offender, he was in Criminal History Category VI.  See id. § 4B1.1(b).  As a result, the bottom of the applicable guideline range was 420 months.  See PSR ¶ 77.  On May 21, 2007, Harris received a non-Guidelines sentence of 300 months.  Harris challenges his sentence on the ground that his trial and appellate counsel were ineffective in not contesting the sentencing enhancements he received as a result of his prior convictions.  Specifically, he claims (1) that his state narcotics conviction did not qualify as a predicate offense for the § 851 enhancement, and (2) that he did not have two prior felony convictions to support an enhancement under the career

offender guideline.

II. Discussion

Under 28 U.S.C. § 2255, Harris can obtain relief if "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  His claim of ineffective assistance of counsel is assessed under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668 (1984).  He bears a heavy burden of proving that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) but for his counsel's errors, there is a reasonable probability the result of the proceedings would have been different.  Id. at 687-88, 694.  Failure to show "either deficient performance or sufficient prejudice defeats the ineffectiveness claim."  Id. at 700.

   A.   The § 851 Enhancement

When Harris pleaded guilty in state court to sale of narcotics in violation of Conn. Gen. Stat. § 21a-277(a), the statute criminalized some conduct that did not fall within the federal definition of a "felony drug offense."  See McCoy v. United States, 707 F.3d 184, 187 (2d Cir. 2013) (per curiam).  Thus, to establish that Harris's state conviction qualified as a predicate offense for the § 851 enhancement, the government had to rely on court documents "in which the factual basis for the

3

plea was confirmed by the defendant."  Shepard v. United States, 544 U.S. 13, 26 (2005).  The government offered no such documents but relied instead on Harris's plea under the Alford doctrine.  See North Carolina v. Alford, 400 U.S. 25 (1970).  The Alford plea provided an inadequate basis for determining that the state conviction qualified as a predicate drug offense for the § 851 enhancement.

   Harris's claim is unavailing, however, because his counsel proceeded on the basis of the long-held belief that a Connecticut conviction for sale of narcotics qualified categorically as a felony drug offenses under 21 U.S.C. § 841(b)(1).  This belief did not change until mid-2009, two years after Harris was sentenced.  It is well-established that "[a]n attorney is not required to forecast changes or advances in the law" in order to provide effective assistance.  Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (internal quotation marks and citation omitted).  Rather, "counsel's performance must be assessed . . . as of the time of counsel's conduct without the benefit of hindsight."  Id. (internal quotation marks and citation omitted).  In McCoy, the Court of Appeals recently rejected an ineffective assistance of counsel claim like Harris's on this very basis.  See 707 F.3d at 188.  Thus, it did not constitute ineffective assistance for Harris's trial counsel to fail to challenge the § 851 enhancement.

Harris argues that his counsel had an opportunity to challenge the § 851 enhancement after June 2009 because the case was remanded by the Court of Appeals for possible resentencing and resentencing was not denied until December 2010. The Court of Appeals ordered a "remand for the limited purpose of permitting the sentencing judge to determine whether to resentence in light of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008)." See United States v. Harris, 294 F. App'x 689, 689 (2d Cir. 2008). It was not unreasonable for Harris's counsel to fail to raise the § 851 issue on the remand because raising such a new issue on a limited remand is barred by the law of the case. As the Court of Appeals has explained:

> The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court. And where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues unless the mandate can reasonably be understood as permitting it to do so. We have explained that it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost. For similar reasons, we conclude that the law of the case ordinarily prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing.

United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002) (citations and internal quotation marks omitted).

Moreover, Harris's counsel's failure to challenge the § 851

enhancement was not prejudicial.  There is no prejudice when the same sentence would have been imposed regardless of a change in the guideline calculation.  This is illustrated by Pak v. United States, 278 F. Supp. 2d 263 (D. Conn. 2003), where the defendant claimed that his counsel's failure to initiate plea discussions prior to jury selection deprived him of an extra point for acceptance of responsibility.  There was no prejudice because, as Judge Underhill explained, the sentence would have been the same in any event:

> This court's determination of [the] sentence was by no
> means mechanical.  Indeed, [the] sentence was carefully
> considered and was intended to reflect the nature of
> [the] offense, as well as the four purposes of
> sentencing--punishment, incapacitation, deterrence, and
> rehabilitation of the defendant.  [The] sentence was
> not tied to the low end of the applicable guideline
> range.  Looking at the totality of the circumstances,
> this court tailored [the] sentence to fit [the
> defendant's] criminal history and the seriousness of
> the crime underlying his conviction.  Had [he] been
> subject to the lower guideline range, this court still
> would have imposed a sentence of 48 months'
> incarceration in order to reflect the seriousness of
> the crime and [his] circumstances.

Id. at 268-69; cf. Johnson v. United States, 313 F.3d 815, 818 (2d Cir. 2002) (counsel's failure to object to an improper base offense level was prejudicial in light of the sentencing court's statement that the defendant would be given the "minimum" sentence allowed).

 The same is true here.  If Harris's counsel had successfully challenged the § 851 enhancement, the bottom of the guideline

6

range would have been 360 months.  See U.S.S.G. § 4B1.1(c)(2) and (3).  The sentence Harris received was 60 months less than that.  As in Pak, the sentence was calculated, not mechanically on the basis of the low end of the range, but only after considering the factors enumerated in 18 U.S.C. § 3553(a) in light of the parsimony principle.  See Sentencing Tr. 49:17-57:11, May 21, 2007.  Thus, had Harris's counsel successfully challenged the § 851 enhancement, the sentence still would have been the same--a non-Guidelines sentence of 300 months' imprisonment.

B. Career Offender Enhancement

To qualify as a career offender, Harris had to have "at least two prior felony convictions of a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  A prior conviction constitutes a crime of violence if the statute under which the defendant was convicted "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  In making this determination, courts historically employed a categorical approach, foregoing inquiry into the specific circumstances of an offense.  See Taylor v. United States, 495 U.S. 575, 600 (1990).  In Shepard, however, the Supreme Court held that when a state statute encompasses multiple offenses--one or more of which are not career offender

7

predicates--courts may employ a modified categorical approach by looking to a restricted set of documents to ascertain which of the multiple offenses constituted the offense of conviction.  See Shepard v. United States, 544 U.S. 13, 26 (2005).  The scope of the inquiry is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  Id.  Harris argues that the offenses listed in the PSR could be found to qualify as predicate violent offenses only through reference to other types of documents, such as police reports.

   Harris's claim fails because at least two predicate convictions listed in the PSR are clearly crimes of violence.  On January 29, 2001, Harris was convicted on count two of an information charging him with assault in the first degree by discharge of a firearm in violation of Conn. Gen. Stat. § 53a-59(a)(5).  See PSR ¶ 39.  For a defendant to be convicted under this statute, he must intend to cause physical injury to another by means of the discharge of a firearm.  See Conn. Gen. Stat. § 53a-59(a)(5).  Indeed, the charge to which Harris pleaded guilty alleged that he assaulted another by shooting him with a firearm.  See Gov's. Resp. to Am. Pet. Ex. 1 (ECF No. 31-1 at 21).  This offense constitutes a crime of violence under both the

categorical and modified categorical approach.

On June 26, 2002, Harris was convicted of, among other crimes, attempted robbery in the third degree in violation of Conn. Gen. Stat. §§ 53a-49 and 136.  See PSR ¶ 40.  For a defendant to be convicted of robbery under this statute he must, in the course of committing a larceny, use or threaten the immediate use of physical force upon another person for the purpose of (1) preventing or overcoming resistance or (2) compelling a person to deliver up property or engage in other conduct which aids the commission of the larceny.  See Conn. Gen. Stat. § 53a-133 (defining the elements of robbery under § 53a-136).  The counts of the information to which Harris pleaded guilty show that he assaulted and attempted to rob a victim while armed with a firearm.  See Gov's. Resp. to Am. Pet. Ex. 1 (ECF No. 31-1) at 10-11.  This conviction also clearly constitutes a crime of violence.[1]  See Carter v. United States, 731 F. Supp. 2d 262, 273 (D. Conn. 2010) ("By its plain terms, the Connecticut robbery statute does not encompass conduct that would and conduct that would not qualify as a violent felony under the ACCA and thus, under the categorical approach, the court needed only to look to the fact of [the defendant's] conviction to conclude

---

[1] Under the Guidelines, the terms "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and **attempting to commit such offenses**." U.S.S.G. § 4B1.2, Application Note 1 (emphasis added).

that, in pleading guilty, he necessarily admitted a fact establishing the required element of the predicate violent felony offense--the use or threatened use of force.").[2]

Based on these two convictions alone, Harris was properly deemed a career offender. Thus, he cannot show that his trial counsel was ineffective in failing to object to the enhancement under the career offender guideline. See Harrington v. United States, 689 F.3d 124, 130 (2d Cir. 2012) ("[A] petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit."). Nor can he show that his appellate counsel was ineffective in failing to raise the claim on direct appeal. See Johnson v. United States, 307 F. Supp. 2d 380, 386 (D. Conn. 2003)(failure to raise a meritless argument on appeal is not ineffective assistance).

III. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless

---

[2] Harris notes that in Carter the robbery conviction did not count as a predicate conviction pursuant to the career offender guideline. However, that conviction was not counted as a predicate conviction because the PSR awarded it zero criminal history points pursuant to guideline § 4A1.1(2)(e). See Carter v. United States, 731 F. Supp. 2d 262, 269 (D. Conn. 2010). Here, the PSR awarded Harris's robbery conviction three criminal history points because it occurred within fifteen years of his commission of the instant offenses. See U.S.S.G. § 4A1.2(e).

10

jurists of reason could debate whether the petition should have been resolved in a different manner or the issues are adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Harris has not made this showing.  Accordingly, a certificate of appealability will not issue.

IV. Conclusion

The action is hereby dismissed.  The Clerk will enter judgment and close the file.

So ordered this 25th day of July 2013.

                                          /s/ RNC
                                 Robert N. Chatigny
                       United States District Judge